**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CANDACE SMITH,<br><br>         Plaintiff,<br><br>    v.<br><br>MCDONALDS, et al.,<br><br>         Defendants. | Case No. 1:26-cv-02217 KES SAB<br><br>ORDER DISMISSING THE ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND PRE-FILING RESTRICTIONS |

## I.     BACKGROUND

The Court declared Candace Smith a vexatious litigant on June 12, 2025, and imposed pre-filing restrictions, including barring Smith from proceeding in forma pauperis in any matter in the United States District Court for the Eastern District of California. *Smith*, Case No. 1:25-cv-00420-JLT-BAM, Doc. 6. The Court ordered Smith to "pay the requisite filing fee in full to proceed in any new action before this Court." *Id.* at 17, ¶ 3. The Court also ordered:

> Any future complaint filed by Plaintiff in this Court **SHALL** include a cover page including the following: "PLAINTIFF WAS DECLARED A VEXATIOUS LITIGANT IN CASE NO. 1:25-cv-00420 JLT BAM."
>
> With any future complaint filed in this Court, Plaintiff **SHALL** file a declaration under penalty of perjury: (1) explaining why Plaintiff believes she has meritorious claims; (2) listing all previous actions she filed in this Court, including the named defendants and all claims made in the previous actions; (3) certifying that as to the newly submitted case that the defendants were not sued before, or that any

1

> claims against the same defendants are not related to previous
> actions; and (4) stating the current claims are not frivolous or made
> in bad faith.

*Id.*, ¶¶ 4-5 (emphasis in original). The Court informed Smith that if she failed to comply with these restrictions in a new action, "the action may be dismissed without screening for failure to comply with the pre-filing conditions." *Id.*, ¶ 6.

On March 20, 2026, Smith initiated this action by filing a complaint against twelve defendants, including corporations and individuals.  Doc. 1.  Smith did not include the cover page identifying herself as a vexatious litigant and did not provide a declaration regarding the claims raised in this action.  Smith also moved to proceed in forma pauperis with this action.  Doc. 2. Thus, the Court finds Smith failed to comply with the pre-filing restrictions imposed on June 12, 2025.

## II.    DISCUSSION

In determining whether to dismiss an action as a sanction, courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

### A.    <u>Public interest</u>

The Ninth Circuit has determined that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Thus, the public's interest weighs in favor of the imposition of terminating sanctions against Smith for her failure to comply with the pre-filing restrictions.

### B.    <u>Court's management of its docket</u>

District courts have inherent authority to manage their dockets without being subject to noncompliant litigants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  The Eastern District of California is one of the busiest federal jurisdictions in the United States, with among the heaviest caseloads in the nation. As a result, the Court's interest in managing its docket weighs in favor of sanctions. *See Gonzales v. Mills*, 2011 WL 976713, at *5 (E.D. Cal. Mar. 16,

2

2011) (finding the Court's need to manage its docket favored terminating sanctions because this Court "has a significantly impacted docket [that is overly congested" and cases that are stalled by a litigant's conduct "aggravate the situation"). This factor favors dismissal.

### C.    Prejudice

The risk of prejudice to the defendants also weighs in favor of dismissal. *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Defendants suffer prejudice from Smith's vexatious litigation. This factor also weighs in favor of dismissal.

### D.    Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). A court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone v. U.S. Postal Service,* 833 F.2d 128, 133 (9th Cir. 1987); *Ferdik*, 963 F.2d at 1262.

In the order declaring Smith a vexatious litigant, the Court warned that matters may be dismissed without screening if she failed to pay the filing fee or failed to comply with the pre-filing restrictions. Case No. 1:25-cv-00420-JLT-BAM, Doc. 6 at 17. The Court need issue only one warning that sanctions may be imposed to satisfy the requirement to consider lesser sanctions. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). There also is no lesser sanction available given Smith's history of vexatious litigation.

### E.    Public policy

Although public policy generally weighs against dismissal, it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). This factor is also outweighed by the other *Henderson* factors that favor dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against

3

dismissal, it is not sufficient to outweigh the other four factors").

## III.   CONCLUSION AND ORDER

Based upon the foregoing, the Court **ORDERS**:

1.   This action is **DISMISSED** without prejudice for failure to comply with the Court's order and pre-filing restrictions.

2.   The Clerk of Court is directed to terminate pending matters and close this case.

IT IS SO ORDERED.

Dated:   March 24, 2026

UNITED STATES DISTRICT JUDGE